Good morning. May it please the Court. Vanessa Pye Thompson on behalf of Raqwon Slade. Your Honors, I'd like to first start addressing where the last argument left off in terms of the government's argument in the Robinson case that they've also made in Mr. Slade's case about essentially, I think what it boils down to is the government is arguing that the prosecutor, the Washington State prosecutor in any individual case essentially gets to define the elements of the crime for that particular defendant. And that's simply not the case. Prosecutors don't define elements of crimes. Legislatures do. And the Washington Supreme Court has very, very clearly said that Washington assault in the second degree is a single offense that can be of cases, and arguing essentially that this Court has always taken the approach of focusing on a particular subsection when that's the way that a statute is organized. But all of the cases to which the government cites are distinguishable from the statute the Court has presented with in this case, because in those cases, the subsections of the statute defined different crimes. And in my reply brief at pages, I believe it was 12 and 13, I distinguish each of the cases upon which the government relies and provide citations to state court holdings demonstrating that the statutes at issue there in fact included multiple crimes, which then render the statute divisible and make looking at a single subsection appropriate. Specifically with regard to the two cases that were addressed here in court, Willis was an Oregon statute where the Oregon Supreme Court had clearly held that the subsections of the statute, and I believe it was 1A and 1B that were at issue in that case, defined distinct crimes. And so we don't dispute that under that circumstance it is appropriate to look at a particular subsection. But that's not the way that assault in the second degree is structured. So looking at your reply brief and then referencing what the government referenced, which is the Sagan-Gallegos case, would you address that? Because some of the cases cited were, of course, by the government and others, were before this whole decamp and the various complete change in how we analyze things. But this particular one is from 2015. So I'd appreciate your comments on that. Certainly, Your Honor. That was also that case dealt with an Arizona statute where the Arizona Supreme Court had also held that the subsections that were at issue defined distinct crimes. So I think that under the analysis this Court is required to follow, those would be distinct crimes to which the that would be divisible. The statute that was at issue in that case would be divisible. And so it's simply not, it has precedential value in this case because we're not dealing with a statute that involves distinct crimes. And if I've answered the Court's questions as to that point, I just wanted to highlight without repeating a couple points regarding the way or the points that were made by prior counsel. I think that one thing that is. There is one question in this case. Certainly. This, a little bit different from the last case, bases its analysis not on Lawrence but on Jenner. Does that make it a different case? No. Your Honor, this case simply involves. So Jenner was a decision that predates, that we are arguing has effectively been overruled. It dealt with subsection 1C, whereas Lawrence dealt with subsection 1A. In this case, we have the same concession as the prior case by the government that the statute on the whole is overbroad. And there is at least agreement between us and the government that subsection 1E is overbroad. So I don't think that that materially changes the analysis. Okay. Sorry to interrupt. Not at all. I just wanted your input. Thank you. The only thing that I would note also, and counsel for Mr. Robinson addressed the steps that Mathis gives us, and so I won't go through and repeat those again, but I do think that it's telling that State v. Smith, the Washington Supreme Court decision that we have provided to the Court, the analysis in that case really mirrors the analysis in the Iowa Supreme Court case that the Supreme Court in Mathis said is the type of case that will make these types of decisions easy. And essentially what the Iowa Supreme Court said is that because the statute contained alternative or said that the alternative the statute contained alternative methods of committing one offense and so that the jury need not agree as to the method of commission. And that's the same analysis that we have in Smith with regard to Washington assault in the second degree. We have the Washington Supreme Court unequivocally saying that Washington assault in the second degree defines a single crime and that the subsections are merely means by which that crime may be committed. And the government has argued that that statute isn't framed in terms of sort of assault as kind of an overarching heading which may be committed by a number of means, but that's precisely how the jury instructions that deal with alternative means lay out the crime. We cited to the Court in a reply brief Washington pattern jury instruction, it was 35.16, which deals with the alternative means of subsection 1E, the intent to commit a felony, and 1C, the assault with a deadly weapon. And the way that that instruction is laid out essentially is that the defendant assaulted a named person as one in the instruction, and then it lists A as I may be flipping the two, but it lists A and B as with intent to commit a felony or with a deadly weapon. And so I think that's precisely how these crimes are instructed to the juries. I would also note that even beyond just permitting juries to disagree as to the means and sort of by either just listing the alternatives offset by or, the instruction actually invites in a sense the jurors to consider the possibility that they could split as to means and still be unanimous as to guilt of the crime charge, which is assault in the second degree, and that the instruction explicitly tells them that they don't have to be unanimous as to which means they believe the defendant, by which means the defendant committed the crime so long as they agree on guilt of the crime charge, which is assault in the second degree unanimously. So if one were to give the instruction in Robinson to the jury, would one need in giving that instruction to cite A through F as the way for Robinson to have committed? So I think as a matter of practice in Washington, when the prosecutor has elected certain means of committing the offense in the charging document, jurors are instructed solely based upon the means that were in the charging document. The government has argued that this essentially makes the means elements. I think that when it collapses, they get thrown out basically in this instruction. I mean, I know you've argued that you look to the state Supreme Court law and not to the instruction, but as a practical matter, you wouldn't go in and say to convict the defendant of the crime of assault, you have to say that on June 5th, A, B, C, D, or E, and you would say subsection 1 or subsection 2, right? Yes, Your Honor. And I think that, and this is something that we asked also in reply, that the fact that that is the way or that's the practice in Washington State is not a means of a crime. It's under Washington law as a notice. The query that I have, and this is where Judge McEwen's question gets us where I was going, if in fact the jury instruction is going to narrow down what they have to find to intentionally assaults another and thereby recklessly inflicts where they could find any one from A through G, making it something they've got to find, doesn't that make it an element? I don't think so, Your Honor. Again, I don't think that the facts of a particular case can alter the elements of a statute as a whole, and I think that what Washington case law says about the reason that it's narrowed down is that it's a notice-based concern as to the means of the crime. So for the same reasons that if I was charged of committing a robbery in one location, the government can't then later at trial prove up facts to prove an entirely different robbery a mile away, and that's not because location is an element of the crime. It's simply a matter of notice. Well, the worry that I have is that there are, and I tried to go here with counsel, there are in fact in this particular statute A talks about an assault, C talks about an assault, F talks about an assault, any one talk about an assault, but the way you do the assault are different. Do you have to prove that difference in order to make one guilty? I don't. I mean, I think that the prosecutor has to prove unanimously one or multiple variants. Well, he doesn't have to prove. Washington says he doesn't have to prove unanimously any one the jury can come out with an assault under C or assault under A or assault under G. But if we have a charging document that charges only A and therefore limiting the elements the government must prove, doesn't that make it more than a means? I don't believe so. Why? Because I think that it deals with a different issue than with what the elements of the single crime of assault in the second degree are. And so I think Washington courts rightfully are concerned with defendants having notice of the general facts that they need to defend against during a trial. Well, I understand that it's all the same crime, and I understood your argument about that. In fact, that's why I went after the government just a little bit about that. It seems to me that they're all the same crime. They're not different crimes. But my worry about that, even though Washington has said what it has, is that when one is making his case to the jury, if he has to prove intentional assault, recklessly inflicted in order to prove this, then that makes A more than just means. I think that the challenge with that analysis is that it, again, gets us back to kind of what the government is asking the court to do, which is, in my view, putting the cart before the horse and just not conducting the divisibility analysis. I understand that. That's why I asked the government. If we went with the government's argument, I find it difficult to understand why they stipulate that this is not a categorical crime. Because if we go with the way the government. Well, because they have to. Well, I understand what they're saying they have to, but what they're really saying, they say, on one hand, the general statute of one is not categorical. But then they say I am to focus on 1A or 1C or 1E, and that that is how I have to do it. Well, it seems to me that doesn't lead to the same result as generally saying they're not categorical. And that's why I'm pressing you a little bit. It seems to me if when you say they have to prove certain things and the things they have to prove are in A and not in B and not in C, that that makes it more than means. Well, I think that we would dispute that there may be differences between the way that Washington State sort of deals with means in that sense. But I think the fact that there are idiosyncrasies in Washington law about that still don't get us to the level of elevating means to elements. But as we still don't. Let me ask you a question. Suppose the government had charged, suppose that Taylor had said, I'm sorry, the subsection of the statute of conviction, in other words, more precisely, then you'd lose, wouldn't you? I think that that would probably alter the analysis of the subsequent cases. So as a matter of language, what did the Supreme Court mean by statute of conviction? Did they mean the overall statute of second-degree assault, or did they mean the specific section and statute under which the man was convicted? I think that they meant the statute of conviction, which is the crime as it's defined by the state. So, for example, if you look down that big list, you could say to the jury, to convict this person of the crime of assault, you could show beyond a reasonable doubt either, one, that there was use of a deadly weapon, or that the assault was committed with intent to commit a felony. And either of those would suffice, but you wouldn't need unanimity as to which or whatever, correct? Exactly. And that is a realistic charging scenario, I assume. Yes, that's precisely the scenario that Pattern and Jury Instruction 35.16 addresses, and that instruction adds to just the general description, the elements of specific admonition to the jurors that they do not need to unanimously agree as to the subsection. I don't know if you know the answer to this or not, but in Washington state law, there's a definition in the Washington Pattern and Instructions on what assault in the second degree is, and then it has this big list. So is the big list typically included in the jury instruction, plus this more narrowly tailored second, you can convict Mr. or Mrs. So-and-so if, you know, deadly weapon or intent to commit, or, you know, maybe there's even a possibility there was strangulation involved. Are both of those given? So I have not perfectly personally practiced in Washington state. I can say based upon my reading of the instructions and in talking with people who have, I think that the way that the Washington instructions are set up is there are these essentially definitional statutes of the type that Your Honor first described with the long list of each of the alternative means, and then there are the two convict instructions that kind of now with a bit more detail that means themselves. All right. Thank you. Thank you. Good morning again, Your Honors. I want to pick up on a point about charging. It's not a matter of practice that the prosecutor has to specify. It's not about his discretion. It's that that is a legal requirement in Washington for a valid charging instrument, and the charging instrument has consequences. For example, and if you were to charge 1A and the proof or I'll make it even better because I think it's the facts of the case. If you were to charge 1C and the proof at trial proves up 1A and 1C, it would be reversible error to submit 1A to the jury because the information didn't charge 1A. So that goes to show that these individual subsections are really defining separate crimes. If they were just alternative means, just facts, and again, I think that's critical to remember that when Mathis was talking about means, they were talking about facts. They used the phrase from Richardson, brute facts, to support an element. That's not what's going on here. 1A is not a fact. 1A is two intent elements and the actus reus of assault. That's much more than a means. And I'd like to briefly discuss the Washington case in Smith just to sort of understand how that relates to what was going on in Mathis and the kind of statute at issue in Mathis. Mathis involved a burglary statute, and the question was whether the definition of premises in the burglary statute swept more broadly than generic burglary. I think just as an aside, there hasn't been a Supreme Court case dealing with this categorical approach in a statute structured like Washington's. They've never actually had to deal with it. They've always been dealing with a single statute that defines one single crime with one single set of elements. So in Mathis, you had the problem of the definition of structure was too broad, and Iowa had said, well, look, that's just a fact that proves up the element of the location. That's a means. No problem. The issue in Smith, the actual holding in Smith is perfectly consistent with that. The issue in Smith was not the statute as a whole and what do you have to do for 1A and 1B. It was what do you have to prove for an assault. There are three types of assault in Washington. And how do you prove the assault element, and does the jury have to unanimously agree and does there have to be proof beyond a reasonable doubt of every variant of assault? And the Washington Supreme Court said no, because that's just a fact. It's what they call a definitional fact that proves an element. So Washington's consistent with how they apply this. They just use what is, frankly, confusing terminology when you're trying to talk about what does means in Washington mean versus what does means in Mathis mean. And that's a lot of means. Going back to what means, why isn't the premises means in Mathis really parallel with means that the Washington Supreme Court talks about in Smith? Because, again, Mathis is talking about means equals facts. Facts to prove, quote, unquote, in Mathis's terms, a single element of the crime. The facts you need to prove the building. In this case, which is assault with a deadly weapon, the equivalent would be the deadly weapon. The facts needed to prove the deadly weapon. Is it, you know, a gun or a knife? That kind of a fact. What Washington says alternative means, they're talking about the different legal theories from which an assault can be charged. Intentional assault, assault with a deadly weapon, assault by strangulation. These are different legal theories that themselves have distinct elements. Again, it's like if you look at the pattern instructions and just look at the statute, each subsection has distinct elements, distinct intent elements, distinct actus reus elements. They are functionally defining different crimes. I understand that Washington has codified it as a single statute and that the Washington Supreme Court has said, yeah, there's one crime of assault that can be committed by these alternative means, but you're not wedded to the fact that they say alternative means doesn't mean that these are alternative means as that term is used in Mathis. And I think that's where this just kind of gets confusing. But as Judge Smith pointed out, it's like if you actually look at how this operates in practice, when you charge 1C, you've got to prove up 1C and 1C alone. It is 1C that provides the elements that the jury will have to find to convict. Again, as I pointed out, and the case law supports this, it would be reversible error in a case charging 1C to charge the jury on 1A. Well, again, if these were just facts, just facts to prove an element, that wouldn't be true. But that is, in fact, true, and that is, in fact, how Washington applies its statute. The confusion in this case, frankly, is just because the Washington Supreme Court has used confusing language. But again, I guess that leads me to my question I asked you before. If that's really your argument, I don't know why you stipulated then that there's not a categorical match. Well, what you're doing in one sense is you're saying that the overall statute is not a categorical match, and therefore, it's got to be divisible because you've got to go look down to see what's being proved, and I don't know that you can quite get to divisible. But if you say, on the one hand, 1A is a categorical match, that's a different argument. It is a different argument, and I'll try to briefly... I mean, that's why I asked you the question. It seems to me you confused the issues. If I'm going to say it's not a categorical match, then at that point, I've got to go through and determine if that's a means or if it isn't a means. And Washington very well says it is a means. And the bottom line is counsel's been pretty straight and pretty sharp. She says they're not different crimes. They're one crime. Well, they don't have to be different crimes, i.e., codified in separate statutes. They have to be, quote, functionally different crimes. And that's what they are. I understand that they have a unitary label, but the elements of 1A are distinctly different from the elements of 1C, 1F. Now, to answer Your Honor's question about the government's argument, the government is making a two-step argument. Step one is that the categorical overbreath inquiry focuses on the statute of conviction, the elements of the statute of conviction. And we contend the statute of conviction in these cases is 1A and 1C respectively. So you don't need to get to divisibility. But the government has argued in the alternative that, okay, if you disagree with this, then the statute is divisible. And I would point out that even if in the hypothetical, not the hypothetical, the actual case that comes up most often in Washington is where you charge a violation of 1A and a violation of 1C, okay? To sustain that verdict, both elements have to be proven beyond a reasonable doubt. The court will not sustain that conviction unless both 1A and 1C are proven beyond a reasonable doubt. What the prosecutor has to prove beyond a reasonable doubt is what I have always understood to be the elements of the crime. The fact that Washington does not require an expression of jury unanimity on that point can't change the fact that they still have to be proven beyond a reasonable doubt. Well, the crime 1A and 1C can be violated by the same act. Yes, they can. Pistol whipping. Yes, they can. And that's why I say, like, that's usually the variant you see charged if you're going to have a single count with 1A and 1C. And it makes sense to charge it in a single count because actually to split it out is kind of multiplicitous. It really should be because it's a single act. But the point is that when you charge it like that, you have to prove both beyond a reasonable doubt. Well, let's go back. The other thing is what you're really telling us is that the Washington Supreme Court didn't mean what it said. And so when you go to the Washington jury instructions, with which the Supreme Court is quite familiar, and they talk about three different kind of crimes that exist under Washington law, the kind where you basically have a single element, which we don't really have here. So that's out. Then there's two other kinds. One is statute that set forth multiple offenses, each constituting a separate and distinct crime. And then there's a third kind that they set out, single offense that may be committed by alternative means. And the Washington Supreme Court says it's that latter that we have here. And you're telling us, I think, it's the one before that, correct, that it's basically multiple offenses in a single statute. Is that what you're saying? No. I would certainly never say the Washington Supreme Court did not mean what it says. What I would say is that — Well, then, if they meant what they said and we read it, then you lose. I don't think so, Your Honor, because when they — again, is when they say it's a single crime with alternative means, they're not using that term as it's used in Mathis. Alternative means — Let me ask you this. If you go to Washington Pattern Instruction 420 and it uses that phrase, which mirrors the Washington Supreme Court, that one way you can look at a category of statutes are statutes that set forth a single offense that may be committed by alternative means or in more than one way. Are you saying that the Washington Supreme Court doesn't mean that category of statute? No. And if you go look at the cases where they're talking about this, you have statutes — often it — they originally start — this distinction originally drew from charging instruments and whether something charged is multiplicitous or not. Normally, the rule is if it's two separate statutes, you can charge two separate counts. If it's one statute, you charge it in one count. That's how this whole business started as a matter of historical practice. But that doesn't answer the question of what are the elements of the crime that have to be proven. And again, that's what we're focusing on here. It's important not to get hung up on the terminology, because, again, math has never said a divisible statute has to be separate statutes. I mean, DeCamps actually used the phrase — No, of course it doesn't, because we have — and we have in the Ninth Circuit examples where we said a statute is divisible. Sure. And it's in the same, you know, region in the — it's in the same, quote, statute. Sure. And I would suggest that when DeCamps says, quote, multiple alternative versions of the crime singular, this is exactly what they're talking about. There's a crime singular, but there are alternative versions of it, seven different ways to prove it, each with their own elements. That has to be what the Supreme Court had in mind when they said alternative versions of the crime singular. That's what they're talking about. They're talking about this kind of statutory structure. All right. We've taken you over your time. Thank you. I'll give you a minute for rebuttal. We also took you over your time, so. Thank you, Your Honor. I would just very briefly — I think that, Your Honor, in looking at Washington pattern jury instruction 4.20 that the Court was just referencing, I think that demonstrates that, especially when we consider that Washington means what it says in the State v. Smith decision, that there are statutes under Washington law that contain distinct crimes and would be divisible under Mathis, which is that second category of — remembering this correctly — the second category of crime that's described in 4.20. This is an entirely different category of crime where the alternatives within the statutes are means. They do not rise to the level of elements as that is contemplated by Mathis, and therefore, the statute is not divisible. The only other thing I would note very briefly is in the government's discussion of Fuller, I think that if the Court looks to footnote 4 of that decision, I think that that's informative in some respects because it notes how unusual the practice is to have alternative means charged in separate counts. And the Court there didn't address the issue because it wasn't raised by trial counsel of whether that presented, I think, the language they use as other problems. But I think that the other problems that would have been alluding to would have been that the charging document was multiplicitous because in that instance, the prosecutor has made two separate counts of what is very clearly under Washington law a single crime. Thank you. Thank you. The case just argued, United States v. Slade, is submitted. I would like to thank Mr. Morgan, Ms. Pythompson, and also Ms. Hartfield for this discussion. I'm not saying we've completely exhausted it, but we're nearly there, I might say, as to the next two cases. So unless you have something very distinct to add to the discussion, I know some of you have individual issues in your cases that weren't presented in these previous two cases. So we'll now hear argument in United States v. Painter.
judges: McKeown, Bea, N.R. Smith